September 8, 1978

## 78-51   MEMORANDUM OPINION FOR THE SPECIAL ASSISTANT TO THE ATTORNEY GENERAL

### Government Officers and Employees—Department of Justice (5 U.S.C. § 3372)

This memorandum is in response to your request for our opinion concerning the legality of the furnishing of technical assistance by this Department to the State of Iowa, in litigation between the State of Iowa and a private party. It is our opinion that this constitutes a legitimate use of the Attorney General's authority pursuant to 5 U.S.C. § 3372.

The facts are as follows: The State of Iowa, with the encouragement and financial help of the Law Enforcement Assistant Administration (LEAA), hired the Planning Research Corporation (PRC) to design and implement a computer system for storing the State's criminal justice and traffic records. The computer system was to give Iowa law enforcement authorities a greater diversity of and a faster access to State law enforcement data than was possible with the State's existing records system. Also, since the system was to be compatible with the National Crime Information Center (NCIC) computers maintained by the FBI, the NCIC would benefit by obtaining better law enforcement data from Iowa. Because an investigation by the Iowa attorney general showed that the system built by PRC did not work properly, the State sued PRC to recover the damages incurred by it. However, Iowa did not have an expert qualified to evaluate the defects in the computer. Accordingly, the Iowa attorney general asked the U.S. Attorney General to give him the services of a computer expert. The Justice Department temporarily assigned a Department computer expert to give technical advice to the State regarding the faulty computer system. PRC questions the Justice Department's authority to provide such technical assistance.

The U.S. Attorney General has the following authority under 5 U.S.C. § 3372 (1976):

> On request from or with the concurrence of a State or local government, and with the consent of the employee concerned, the head of an executive agency may arrange for the assignment of—
>
> (1) an employee of his agency to a State or local government. . .

for work of mutual concern to his agency and the State or local
government that he determines will be beneficial to both.

There is no apparent limit to the type of assignments a Federal employee may be given under § 3372. The assignment possibilities are flexible; the magnitude of the employee's duties are limited only by the agreement between the Federal Agency and the State. The agreement with the State and this Department is that the expert will give the State technical advice regarding the State's criminal justice computer system to enable the proper prosecution of its civil claim. This assignment is within the broad language of § 3372.

Whether the technical services involved constitute work mutually beneficial to the State and the Department of Justice is a question which § 3372 leaves to the discretion of the Agency head. The reason why the work is mutually beneficial in this case is because a working computer in the State, when used in conjunction with the NCIC, will improve the Department's ability to collect and exchange law enforcement data,[1] an obvious benefit to this Department.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[1] 28 U.S.C. § 534 (1976).